1  Armen Kiramijyan, Esq. (State Bar No. 276723)
2  Vahag Matevosian, Esq. (State Bar No. 283710)
   Consumerlitigationteam@kaass.com
3
4  **KAASS LAW**
   313 East Broadway, #944
5  Glendale, California 91209
   Telephone: 310.943.1171
6
7  Attorneys for Plaintiff
   HAYKUHI AVETISYAN
8

FILED
CLERK, U.S. DISTRICT COURT

JAN - 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA

11  HAYKUHI AVETISYAN, an          ) Case No.
    individual;                    )  CV14-0161 JEM
12              Plaintiff,         )
                                   )  **COMPLAINT FOR:**
13                                 )
14       vs.                       )  1. **Willful Violations of Federal**
                                   )     **Fair Credit Reporting Act, 15**
15  EQUIFAX INFORMATION            )     **U.S.C. § 1681 et seq.;**
    SERVICES LLC, a Georgia Limited)  2. **Negligent Violations of Federal**
16  Liability Company;             )     **Fair Credit Reporting Act, 15**
17              Defendant.         )     **U.S.C. § 1681 et seq.;**
                                   )  3. **Intentional Violations of**
18                                 )     **California Consumer Credit**
19                                 )     **Reporting Agencies Act, Cal.**
                                   )     **Civ. Code § 1785 et seq.;**
20                                 )  4. **Negligent Violations of**
21                                 )     **California Consumer Credit**
                                   )     **Reporting Agencies Act, Cal.**
22                                 )     **Civ. Code § 1785 et seq.**
23                                 )
24  _____)  **JURY TRIAL DEMANDED**
25       Plaintiff, through counsel, alleges:

26                    **NATURE OF ACTION**
27       This is a private action brought by an individual consumer under Federal Fair

28  Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.; and its equivalent State Act:

Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785 et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. §1681p, Cal. Civ. Code § 1785.33, and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the State claims under 28 U.S.C. §1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to this action occurred in the State of California in the Central District of California, and where Defendant transacts business in said State and district.

## PARTIES

4. Plaintiff HAYKUHI AVETISYAN ("Plaintiff") is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

6. Plaintiff is the victim of identity theft pursuant to 15 U.S.C. §1681c-2.

7. Defendant EQUIFAX INFORMATION SERVICES LLC ("Defendant") is a Georgia Limited Liability Company, conducting business in the State of California.

8. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

9. Defendant is a "Consumer reporting agency" and "Consumer credit reporting agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d), respectively.

10. When a reference in this Complaint is made to any act or omission of Defendant's corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendant and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

11. In or around July of 2012, Plaintiff arrived to the United States of America, nearly ten years after her first visit in 2002.

12. On or about July of 2012, Plaintiff attempted to open an account with Citibank but was informed that she already had an account with Citibank. Plaintiff contacted several other banks and found out that there were multiple other accounts opened in her name. Plaintiff was bewildered because she had never opened any accounts, whatsoever, with Citibank or any other bank for that matter.

13. Consequently, Plaintiff obtained her credit reports and was shocked to find thirty-nine (39) accounts (hereinafter "accounts") reported under her name. These accounts were opened between June, 2004 and June, 2011 when Plaintiff was not even present in the United States.

14. Plaintiff had never applied for, opened, used, or benefited from the accounts, nor had she given anyone authorization to use her personal information to open any accounts. Plaintiff did not even know of these accounts prior to discovering them on her credit report. As such, Plaintiff concluded that her identity was used fraudulently to open and use these accounts.

15. On July 17, 2012, Plaintiff went to Glendale Police Department and filed an identity theft victim's report pursuant to Penal Code § 530.5 concerning the fraudulent accounts. A true and correct copy of Plaintiff's identity theft victim's report from Glendale Police Department is attached hereto as EXHIBIT "A."

16. On or about July 23, 2012, Plaintiff sent a letter to Defendant, informing that the accounts reported on her credit report are inaccurate, that she has no knowledge of the accounts, and that the accounts do not belong to her. Plaintiff requested that Defendant investigate and delete the accounts from her credit report.

17. Following Plaintiff's dispute of the accounts, Defendant failed to conduct reasonable investigation and continued to maintain fraudulent accounts on Plaintiff's credit report.

18. On or about August 24, 2012, Plaintiff, through attorney-in-fact, sent a follow up letter to Defendant, requesting Method of Verification for each disputed account Defendant had allegedly verified.  Defendant failed to respond to Plaintiff's Method of Verification request.

19. On or about August 31, 2012, Plaintiff, through attorney-in-fact, sent a third letter to Defendant to follow up on her request for Method of Verification.  Defendant again failed to respond to Plaintiff's request for Method of Verification.

20. On or about October 4, 2012, Plaintiff sent a fourth letter to Defendant because Defendant continued to maintain the fraudulent accounts on Plaintiff's credit report.  In her letter, Plaintiff notified Defendant that the accounts are fraudulent, that she had contacted the police department and the Federal Trade Commission, and that she had obtained an identity theft report and affidavit, copies of which were attached to the letter along with a copy of Plaintiff's identification documents. A true and correct copy of Plaintiff's October 4, 2012 letter addressed to Defendant is attached hereto as EXHIBIT "B."

21. Again, Defendant failed to conduct reasonable investigation and failed to block and delete the fraudulent accounts from Plaintiff's credit report.

22. On or about October 19, 2012, Plaintiff, through attorney-in-fact, sent a fifth letter to Defendant, addressing how it failed to block/delete the fraudulent accounts from reporting and requesting deletion of those accounts. Defendant again failed to remove the fraudulent accounts from Plaintiff's credit report.

23. On July 18, 2013, Plaintiff sent a sixth letter to Defendant regarding the continuous reporting/maintaining of fraudulent accounts on her credit report along with copies of her identity theft victim's report provided by the Glendale Police Department, her fraud affidavit, and identification documents. A true and correct copy of Plaintiff's July 18, 2013 letter addressed to Defendant is attached hereto as EXHIBIT "C."

24. Plaintiff's July 18, 2013 letter and the fraud affidavit identified and described

the fraudulent information and included Plaintiff's statement that the information is fraudulent.

25. Once again, Defendant failed to block/delete the fraudulent accounts from Plaintiff's credit report.

26. On or about September 23, 2013, Plaintiff sent a seventh letter to Defendant, identifying several fraudulent accounts, reported in good standing, which she had inadvertently left off of her previous correspondences, and requesting that Defendant block them along with those she had previously identified as fraudulent. A true and correct copy of Plaintiff's September 23, 2013 letter addressed to Defendant is attached hereto as EXHIBIT "D."

27. Defendant again failed to block/delete all the fraudulent accounts identified.

28. On or about October 31, 2013, Plaintiff sent an eighth letter to Defendant addressing how after providing numerous notices of the fraud, copies of her identity theft police report and affidavit, and copies of her identification documents, Defendant failed to block and continued to maintain at least ten fraudulent accounts on Plaintiff's credit report. Plaintiff requested that Defendant delete the fraudulent accounts to prevent further damage to her credit. A true and correct copy of Plaintiff's October 31, 2013 letter addressed to Defendant is attached hereto as EXHIBIT "E."

29. Once again, Defendant disregarded Plaintiff's request and failed to delete fraudulent accounts from Plaintiff's credit report.

30. Defendant declined Plaintiff's request to block, reasonably reinvestigate, and delete fraudulent credit information from her credit file.

31. To date, Defendant still continues to maintain fraudulent accounts on Plaintiff's credit report.

32. As a result of Defendant's conduct, Plaintiff's creditworthiness is negatively impacted, which in turn caused Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

a. Actual damages caused by monetary losses relating to denials to obtain

accounts and credit, and loss of credit and loan opportunities;

b. Out of pocket expenses incurred as a result of communications with Defendant, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

c. Emotional distress, mental anguish, and other health issues and consequential medical expenses associated with fraudulent derogatory credit information Defendant maintains about Plaintiff, has released, and continues to release to third parties with access to Plaintiff's credit reports;

d. Decreased credit rating and creditworthiness which resulted or will result in denials to obtain new credit, employment or housing on future attempts.

## FIRST COUNT

### (Willful Violations of FCRA, 15 U.S.C. § 1681 et seq.)

33. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

34. Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in FCRA, 15 U.S.C. § 1681a(d), which contained inaccurate and fraudulent information.

35. Defendant willfully violated FCRA, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by 15 U.S.C. § 1681e(b);

b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and blocking/deletion of fraudulent information in Plaintiff's credit file, in compliance with the reinvestigation requirements of 15 U.S.C. § 1681i;

c. providing Plaintiff's credit report to parties without determining that these parties had a permissible purpose to obtain Plaintiff's credit file pursuant to

15 U.S.C. § 1681b;

d.  failing to block the reporting of information in Plaintiff's credit file that Plaintiff identified as information that resulted from identity theft, within 4 business days after receipt of appropriate proof of the Plaintiff's identity, a copy of Plaintiff's identity theft police report, a letter and a signed affidavit from Plaintiff identifying the fraudulent information and declaring that such information does not relate to any transaction by Plaintiff, required by 15 U.S.C. § 1681c-2(a);

e.  failing to notify the furnishers of the fraudulent information that the information may be a result of identity theft, that an identity theft report has been filed, that a block has been requested, and of the effective dates of the block 15 U.S.C. § 1681c-2(b);

36. Defendant's violations actually and proximately caused Plaintiff's injuries.

37. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendant violated the FCRA.

38. Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## SECOND COUNT

### (Negligent Violations of FCRA, 15 U.S.C. § 1681 et seq.)

39. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

40. Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in FCRA, 15 U.S.C. § 1681a(d) , which contained inaccurate and fraudulent information.

41. Defendant negligently violated FCRA, including but not limited to:

a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by 15 U.S.C. § 1681e(b);

b.  failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and blocking/deletion of fraudulent information in Plaintiff's credit file, in compliance with the reinvestigation requirements of 15 U.S.C. § 1681i;

c.  providing Plaintiff's credit report to parties without determining that these parties had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. § 1681b;

d.  failing to block the reporting of information in Plaintiff's credit file that Plaintiff identified as information that resulted from identity theft, within 4 business days after receipt of appropriate proof of the Plaintiff's identity, a copy of Plaintiff's identity theft police report, a letter and a signed affidavit from Plaintiff identifying the fraudulent information and declaring that such information does not relate to any transaction by Plaintiff, required by 15 U.S.C. § 1681c-2(a);

e.  failing to notify the furnishers of the fraudulent information that the information may be a result of identity theft, that an identity theft report has been filed, that a block has been requested, and of the effective dates of the block 15 U.S.C. § 1681c-2(b);

42. Defendant's violations actually and proximately caused Plaintiff's injuries.

43. Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendant is in violation of the FCRA.

44. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD COUNT

**(Intentional Violations of CCRAA, Cal. Civ. Code § 1785 et seq.)**

45. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

46. Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), which contained inaccurate and fraudulent information.

47. Defendant willfully violated CCRAA, including but not limited to:

a.  failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by Cal. Civ. Code § 1785.14(b);

b.  failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and blocking/deletion of inaccurate/fraudulent information in Plaintiff's credit file, in compliance with the reinvestigation requirements of Cal. Civ. Code § 1785.16;

c.  providing Plaintiff's credit report to parties without determining that these parties had a permissible purpose to obtain Plaintiff's credit file pursuant to Cal. Civ. Code § 1785.14(a);

d.  failing to promptly and permanently block the reporting of fraudulent information from Plaintiff's credit file after receipt of a copy of Plaintiff's identity theft police report, as required by Cal. Civ. Code § 1785.16(k);

48. Defendant's violations actually and proximately caused Plaintiff's injuries.

49. As a result of the Defendant's violations of the CCRAA, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering Defendant to delete the fraudulent accounts from Plaintiff's credit report, pursuant to Cal. Civ. Code § 1785.31(b).

**FOURTH COUNT**

**COMPLAINT**

**(Negligent Violations of CCRAA, Cal. Civ. Code § 1785 et seq.)**

50. Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

51. Defendant prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" regarding the Plaintiff, as this term is defined in CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), which contained inaccurate and fraudulent information.

52. Defendant negligently violated CCRAA, including but not limited to:

    a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit report, as required by Cal. Civ. Code § 1785.14(b);

    b. failing to adopt and follow reasonable procedures to insure proper investigation, accuracy, and blocking/deletion of inaccurate/fraudulent information in Plaintiff's credit file, in compliance with the reinvestigation requirements of Cal. Civ. Code § 1785.16;

    c. providing Plaintiff's credit report to parties without determining that these parties had a permissible purpose to obtain Plaintiff's credit file pursuant to Cal. Civ. Code § 1785.14(a);

    d. failing to promptly and permanently block the reporting of fraudulent information from Plaintiff's credit file after receipt of a copy of Plaintiff's identity theft police report, as required by Cal. Civ. Code § 1785.16(k);

53. Defendant's violations actually and proximately caused Plaintiff's injuries.

54. As a result of the Defendant's violations, Plaintiff suffered personal humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages, including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1); and injunctive relief ordering Defendant to delete the fraudulent accounts from Plaintiff's credit report, pursuant to Cal. Civ. Code § 1785.31(b).

## PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Actual damages;

2. Statutory damages;

3. Legal fees and costs;

4. Prejudgment and postjudgment interest;

5. Punitive damages;

6. Declaratory relief;

7. Injunctive relief;

8. Any additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: January 8, 2014

KAASS LAW

By: 
Vahag Matevosian, Esq.
Attorney for Plaintiff

EXHIBIT A

**12-10116**    Supplement No
ORIG

# Glendale Police Dept.



131 N. Isabel St
Glendale, CA
91206

(818) 548-4840

Reported Date
07/17/2012
Rpt/Incident Typ
COURTESY REPORT
Member#/Dept ID#
LAU, JENNY

Unauthorized Release of Information Prohibited - 13303

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| Glendale Police Dept. | 12-10116 | ORIG | 07/17/2012 | 12:19 | 120717137 |

| Status |
|---|
| Report to Follow - In Process |

| Rpt/Incident Typ |
|---|
| COURTESY REPORT |

| Location | | City | ZIP Code | Rep Dist |
|---|---|---|---|---|
| | | GLENDALE | 91205 | 284 |

| From Date | From Time | To Date | To Time | Member#/Dept ID# |
|---|---|---|---|---|
| 06/01/2004 | 00:01 | 06/30/2011 | 24:00 | 14402/LAU, JENNY |

| Assignment | Entered by | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| PATROL | 14402 | PATROL | Successful | Successful | 14998 |

| Approval Date | Approval Time | RC Status |
|---|---|---|
| 07/17/2012 | 16:01:24 | Freeze Report |

| ITEMS ATTACHED (rev 3/05) | OTHER |
|---|---|
| Yes | Yes |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| 1 | 530.5(A)PC | GET CREDIT/ETC OTHER | |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| VIC | 1 | I | AVETISYAN, HAYKUHI | 891609 | | F | 12/07/1982 |

## Summary Narrative

Unauthorized accounts opened using Victim's personal information.

I HEREBY CERTIFY THAT THE ATTACHED
IS A TRUE AND CERTIFIED COPY OF

ON FILE IN THE RECORD BUREAU OF THE
POLICE DEPARTMENT IN THE CITY OF
GLENDALE.

DATED   7/20/12

BY _Edd M for Dude-Perkes_

RECORDS ADMINISTRATOR

| Report Officer | Printed At | |
|---|---|---|
| 14402/LAU, JENNY | 07/17/2012 16:03 | Page 1 of 2 |

**12-10116**

Supplement No
ORIG

# Glendale Police Dept.

| Victim of Listed Offense Original Rpt Only 1: AVET█████N,HAYKUHI | | | | | | |
|---|---|---|---|---|---|---|
| Involvement | | | | | | |
| Victim of Listed Offense Original Rpt Only | | Invl No 1 | | ndividual | | |
| Name AVETISYAN,HAYKUHI | | MNI 891609 | Sex FEMALE | D ░ 07/1982 | Age 29 | Juvenile? No | Hair Color BROWN |
| PRN 924366 | | | | | | |
| Type VACATION ADDRESS | Address ███████████ | | | | City GLENDALE | |
| State CALIFORNIA | ZIP Code 91205 | Date 07/17/2012 | | | | |
| Phone Type CELL | Phone No (347) 469-6223 | | Date 07/17/2012 | | | |

## Narrative

On 7-17-12 at approx 1215 hrs, Vict Avetisyan came to the front desk to file an identity theft report.

Avetisyan told me the first time she came to the United States was in 2002 from Yerevan, Armenia. Avetisyan was on a J1 Visa for work and school. Avetisyan arrived to the United States on 6-11-02 and left to return to Armenia in October 2002. Avetisyan stated during that time, she had not opened any accounts and the only ID she had was her passport. Avetisyan did get a social security card (#████████) issued to her for work purpose only that was authorized by the INS.

Avetisyan have not been back to the United States since 2002 until 6-29-12 when she arrived in the United States from Armenia. Avetisyan is staying with her sister in Glendale. On 7-12-12 Avetisyan went to Citibank to open a checking account because she will eventually be coming to the United S░░░ ░ore for business. Avetisyan was denied the checking account because she was told she already have an ░░ ░unt with Citibank. Avetisyan went on-line to check her credit with Experian. Avetisyan discovered there wer░ ░everal accounts opened that were in collections and in good standing. There were a total of 39 unauthorized a░ ░nts with opened dates from 6/2004 to 6/2011. See attached credit report for information on the accounts. Ave░yan did not give anyone permission to use her personal information to open any accounts.

Avetisyan home address in Armenia is Orbeli Street 65 Building Apt #39, Yerevan, Armenia 0028. The home phone number is 37410226493.

Attached is the Experian credit report.

Lau 14402



| Report Officer 14402/LAU,JENNY | Printed At 07/17/2012 16:03 | Page 2 of 2 |
|---|---|---|

EXHIBIT B

Date: 10/04/2012

Equifax Consumer Fraud Divsion
Po Box 740250
Atlanta, GA 30374

Haykuhi Avetisyan, SSN █████████

Re: Fraudulent account: AMERICAN EXPRESS#3499909570482103,AMERICAN
EXPRESS#3499914110408763,AMERICAN EXPRESS#3499914150391973,APOLLO
CREDIT AGENCY#1649799,ASSET ACCEPTANCE#11254....,ASSET
ACCEPTANCE#4038....,ASSET ACCEPTANCE#4138....,ASSET
ACCEPTANCE#4205....,ASSET ACCEPTANCE#4206....,BANK OF
AMERICA#488889199972....,CAPITAL ONE#486236251193....,CAVALRY PORTFOLIO
SERVICE#13649661,CHASE BANK
USA#558250861811....,CITIFINANCIAL#607439554717....,CREDIT ONE#CH34....,EOS
GROUP/EOS CCA#3176713,GE CAPITAL/DILLARDS#604587213342....,GECRB/PEP
BOYS#601918091708....,HSBC
BANK#549109861259....,HSBC/NEIMN#4910242....,MACYS#440267333....,MIDLAND
FUNDING#853584....,MIDLAND FUNDING#853656....,MIDLAND
FUNDING#853932....,NORDSTROM#822404....,PINNACLE CREDIT
SERVICES#LN....,RCS/CVF CONSUMER ACQUISI#7497596844....,HOME
DEPOT/CITIBANK#603532049311....,US BANK#403769887577....,WELLS FARGO
BANK#446542018668......

Dear Equifax Consumer Fraud Divsion:

My name is Haykuhi Avetisyan and I am a fraud victim within the definition of the Fair Credit
Reporting Act §605B [15 U.S.C. §1681c-2]. My identity was fraudulently used to open credit
account of which I learned much later. this fraudulent account has ruined my life and
creditworthiness by reporting under my name. The authorities have been informed of the fraud
and they cooperate in bringing resolution. After contacting the police department and the Federal
Trade Commission, I was provided with the attached Identity Theft Report and Affidavit, which
describe the situation in detail and list the fraudulent account and information.

Provided the circumstances of the matter and the proof of the fraud attached herein, I request that
you block the reporting of the information in my credit file that I have identified as the result of
identity theft no later than four (4) days after receipt of this notice. Furnishers of the fraudulent
accounts shall be notified of the matter in detail; but nonetheless blocking of the information
shall not be delayed for any reason the notification to furnishers shall follow the placement of a
block on the fraudulent account.

Thank you in advance for your cooperation in resolving this matter.

Sincerely,


Haykuhi Avetisyan

EXHIBIT C

Haykuhi Avetisyan

Glendale, CA 91206

July 18, 2013

Equifax Consumer Fraud Division
Po Box 740250
Atlanta, GA 30374

SSN

Dear Sir or Madam:

You have been informed on multiple occasions that I am a fraud victim within the definition of
Fair Credit Reporting Act §605B [15 U.S.C. §1681c-2] and that the below identified accounts
have been fraudulently opened in my name and reflect in my credit report. You have also been
provided with copies of my police report and identity theft affidavit, which I am attaching again
to this correspondence along with copies of my identification documents.

Regardless of my efforts, to date you have failed to block and delete the fraudulent accounts
from my credit records, which include the following:

APOLLO CREDIT AGENCY #1649799
ASSET ACCEPTANCE #11254....
ASSET ACCEPTANCE #4138....
ASSET ACCEPTANCE #4205....
BANK OF AMERICA #488890099975....
BANK OF AMERICA #488889199972....
BANK OF AMERICA #7497599972....
CAPITAL ONE #486236251193....
CHASE BANK USA #558250861811....
CREDIT ONE #CH34....
DSNB/MACYS #440267333....
EOS CCA #3176713
HSBC BANK #549109861259....
HSBC/NEIMN #4910242....
MACYS #440267333....
MIDLAND FUNDING #853584....
MIDLAND FUNDING #853656....
MIDLAND FUNDING#853932....
NORDSTROM #822404....
PORTFOLIO RECOVERY #446542018668....
HOME DEPOT/CITIBANK #603532049311....

US BANK RMS CC #403769887577....
WELLS FARGO BANK #446542018668......

The above accounts are also listed on the attached fraud affidavit along with personal information that is also inaccurate as a result of identity theft. Please have all of these blocked and deleted from my personal credit report.

Please do not delay this matter anymore than you already have. I cannot tolerate having these fraudulent accounts on my credit reports for a day longer.

Sincerely,


Haykuhi Avetisyan

EXHIBIT D

Haykuhi Avetisyan
████████████████████
Glendale, CA 91206

September 23, 2013

Equifax Consumer Fraud Division
Po Box 740250
Atlanta, GA 30374

SSN ████████████

Dear Sir or Madam:

You have been previously informed that I am a fraud victim within the definition of Fair Credit
Reporting Act §605B [15 U.S.C. §1681c-2] and you have been provided with copies of my
police report, identity theft affidavit listing the fraudulent accounts, and copies of my
identification documents on two separate occasions.

The following fraudulent accounts, however, were inadvertently left off of my previous
correspondence:
American Express 66192128501138....
Chase Bank USA 514873179002....
Chase Bank USA 426684104760....
Chase- Pier 1 Imports 588896414895....
Citi Cards/Citibank 546616012616....
Citibank 37435000492....

Please consider this as a supplement to my previous correspondences and fraud affidavits and
block and delete the above accounts from my credit report along with those I have previously
identified as fraudulent.

Thank you,
*Haykuhi Avetisyan*
Haykuhi Avetisyan

# EXHIBIT E

Haykuhi Avetisyan
███████████████████████
Glendale, CA 91206

October 31, 2013

Equifax Consumer Fraud Division
Po Box 740250
Atlanta, GA 30374

SSN ███████████

Dear Sir or Madam:

I have informed you on multiple occasions that I am a fraud victim and I have provided you copies of my police report, identity theft affidavit listing the fraudulent accounts, and copies of my identification documents.

However, after my many attempts, my Equifax credit report still reflects at least ten fraudulent accounts. Frankly, I have been drained trying to correct my credit report and clear my name from the fraudulent accounts and I am frustrated that I cannot get your cooperation with such important matter.

You have continuously failed to remove the fraudulent accounts from my credit reports and by your conduct you have multiplied the stress I have lived through as an identity theft victim. I cannot tolerate this fraudulent information being maintained in my name any longer, as a result of which I have put my life on hold, unable to use my credit even for essential necessities.

Although you cannot reverse the damage I have sustained as a result of the inaccurate reporting and your failure to timely correct, you can, however, prevent future damage by promptly deleting all of the fraudulent accounts from my credit report. Please understand that I have no accounts and every account that is reported on my credit report is a result of fraud.

Thank you and regards,
*Haykuhi Avetisyan*
Haykuhi Avetisyan

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| HAYKUHI AVETISYAN, an individual; | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No. |
| EQUIFAX INFORMATION SERVICES LLC, a Georgia Limited Liability Company; | ) CV14-0161 JEM |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   EQUIFAX INFORMATION SERVICES LLC
C/O: CSC- LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks Dr Ste 150N
Sacramento, CA 95833

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Armen Kiramijyan, Esq.
Vahag Matevosian, Esq.
KAASS LAW
313 East Broadway, #944
Glendale, California 91209

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   JAN - 8 2014

*Signature of Clerk or Deputy Clerk*

1184

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| HAYKUHI AVETISYAN | EQUIFAX INFORMATION SERVICES LLC |

| (b) County of Residence of First Listed Plaintiff  Los Angeles | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Armen Kiramijyan, Esq.     KAASS LAW<br>Vahag Matevosian, Esq.   313 East Broadway, #944<br>Glendale, CA 91209<br>Tel. 310.943.1171 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $ Not Specified

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FCRA, 15 U.S.C. Section 1681 et seq. - reporting of inaccurate credit information, failure to conduct proper reinvestigation and block/delete fraudulent credit information.

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | CV14-0161 | |
|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET | Page 1 of 3 |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No  <br><br>If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes   ☒ No  <br><br>If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

    If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

    If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   DATE: 1/08/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |