1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAYKUHI AVETISYAN<br><br>Plaintiff(s),<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC<br><br>Defendant(s). | CASE NO:<br>2:14−cv−00161−ABC−AS<br><br>**CIVIL CASE MANAGEMENT ORDER**<br><br>**READ IMMEDIATELY AND THOROUGHLY** |

    This case has been assigned to the calendar of Judge Audrey B. Collins, Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

    The responsibility for the progress of litigation in federal courts falls not only upon the Court, but upon the attorneys in the action as well. In order "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's Case Management Order. Note that some of the requirements in this Case Management Order are more specific than those set out in the Local Rules.

\\\

**1.     SERVICE**

Plaintiff shall **promptly** serve the Complaint in accordance with Federal Rule of Civil Procedure 4, and file proofs of service pursuant to Local Rule 5.–3.1.

**2.     ATTENDANCE AT PROCEEDINGS**

The attorney attending any proceeding before this Court **must** be the attorney who is primarily responsible for the conduct of the case.

**3.     MANDATORY CHAMBERS COPIES**

<u>**ONE**</u> copy of any document filed with the Court **must** be delivered directly to chambers no later than 12:00 p.m. (noon) of the next court day. Chambers copies do not need to be blue–backed. <u>For security reasons, chambers copies should be removed from envelopes or folders before being placed in the chambers drop–box.</u>

**4.     FILING MOTIONS**

Adherence to the Local Rules is essential to proper chambers preparation of motions.

   a.   **Electronic filing ("efiling")**. Efiling is mandatory in this District. <u>See</u> Local Rule 5–4 for instructions on efiling documents.

   b.   **Local Rule 7–3**. The Court strictly enforces Local Rule 7–3, which requires a pre–filing meeting of counsel to discuss the substance and potential resolution of non–discovery motions. Counsel for the moving party must inform the Court in the notice of motion of the date of the conference.

   c.   **Timing and service requirements**. If served personally or electronically, the notice of motion shall be served not later than twenty–eight (28) days before the hearing date designated in the notice. (Local Rule 6–1.) Opposing papers shall be filed and served no later than twenty–one (21) days before the hearing date. (Local Rule 7–9.) Reply papers, if any, shall be filed and served no later

than fourteen (14) days before the hearing date. (Local Rule 7–10.)

    **d.**   **Oral Argument**. If the Court does not require oral argument, counsel will be so advised during the week before the hearing date. If the Court requires oral argument, the Court generally provides a tentative ruling, which the Deputy Courtroom Clerk distributes before the hearing when counsel check in.

**5.**   **MOTIONS TO DISMISS**

The Court believes that most motions to dismiss can be avoided by good faith efforts to meet and confer and, if necessary, by stipulations to amend the pleadings. As such, the parties should avoid filing motions to dismiss when they can resolve the issues without imposing on the Court's limited resources.

**6.**   **MOTIONS FOR SUMMARY JUDGMENT**

The Court encourages the moving party to provide more than the minimum twenty–eight (28) days' notice. The movant must send the Statement of Uncontroverted Facts and Conclusions of Law, in WordPerfect or MS Word format, to abc_chambers@cacd.uscourts.gov.

**7.**   **DISCOVERY**

This Court refers all discovery motions and disputes to the Magistrate Judge assigned to the case (see initials in parentheses following the case number). Counsel are expected to resolve substantially all discovery problems without the assistance of the Court. Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court requires strict compliance with Local Rule 37.

**8.**   *EX PARTE* **APPLICATIONS**

*Ex parte* applications are usually decided on the papers and not set for hearing. *Ex parte* applications are to be reserved solely for extraordinarily relief and must comply with Local Rule 7–19. Counsel are ordered to read and adhere to Mission Power Enginneering, Co. V. Continental Casualty Co., 883 F. Supp.

488 (C.D. Cal. 1995) before filing any ex parte application.

**The requesting party shall serve the motion by personal delivery, fax, or other electronic means, at or before the time the application is filed. Oppositions are due within 24 hours of service. At the time of the application, the applicant shall comply with Local Rule 7–19.1, which, *inter alia*, requires the applicant to advise the court in writing of his or her efforts to contact opposing counsel, and of opposing counsel's intention to oppose the application. Counsel must inform the Courtroom Deputy Clerk at (213) 894–6500 if the *ex parte* application will not be opposed.**

Applications that fail to comply with the Local Rules or this Order will not be considered. The Court may impose sanctions for misuse of the *ex parte* process. In re Intermagnetics Am., Inc., 101 B.R. 191 (C.D. Cal. 1989).

### 9. ALTERNATIVE DISPUTE RESOLUTION (ADR)

As set forth in Local Rule 16–15.1, every case must attempt Alternative Dispute Resolution ("ADR). This Court participates in the Court–Directed ADR Program. Therefore, at the Scheduling Conference, all civil cases will presumptively be referred either to the Mediation Panel or to a private dispute resolution process. A settlement conference with a Magistrate Judge is generally not available for cases within the Court–Directed ADR Program. Counsel must comply with Local Rule 26–1(c), which orders counsel to furnish and discuss with their clients the Notice to Parties of Court–Directed ADR Program in preparation for the Fed. R. Civ. P. 26(f) conference. Plaintiff's counsel received this Notice at the time the Complaint was filed and must serve it on all parties.

### 10. SETTLEMENT

This Court will not conduct settlement conferences in non–jury cases it is to In jury cases, this Court will conduct a settlement conference if three conditions exist:

    **a.** Counsel are satisfied that the fact issues in the case will be

  **b.** All significant pretrial rulings that this Court must make have been made; and

  **c.** All counsel desire this Court to conduct the conference, understanding that if settlement fails, it will try the case.

If all three conditions exist, counsel must submit to this Court a proposed stipulation requesting a settlement conference date.

Unless otherwise ordered by the judge or magistrate judge conducting a settlement conference, the parties shall follow the "Requirements for ADR Procedures" set forth in Local Rule 16–15.5. **If a settlement is reached, the parties shall report it immediately to this Court as required by Local Rule 16–15.7.**

 **11.** **MOTIONS IN LIMINE**

Motions in limine on classes of evidence that are appropriate for preliminary rulings must be noticed for hearing at the Final Pretrial Conference. Motions in limine must be filed twenty–one (21) days before the Final Pretrial Conference. Oppositions shall be filed seven (7) days later. Replies are not ordinarily filed for motions in limine. Counsel are strongly advised to be selective about what they file as the Court will not entertain excessive motions.

 **12.** **FINAL PRETRIAL CONFERENCE**

Unless this case is exempt from a Final Pretrial Conference ("FPTC") pursuant to Local Rule 16–12, or the Court expressly waived pretrial procedures pursuant to Local Rule 16–11, this case will be placed on calendar for a FPTC pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 16. The Court requires strict compliance with Local Rule 16.

  **a.** **Lead Trial Counsel**. Each party appearing in this action shall be represented at the FPTC and all pretrial meetings by that party's lead trial counsel unless excused for good cause.

  **b.** **Continuances**. The Court will not continue the FPTC merely

–5–

on stipulation of the parties. (Local Rule 16–9.) Counsel should plan to do the necessary pretrial work on a schedule that will ensure its completion well before the FPTC. Failure to complete discovery is not a ground for a continuance.

    c.  **Conference of Counsel**. Counsel must confer in preparation for the FPTC no later than forty (40) days before the FPTC. (See Local Rule 16–2 for items to be discussed.) In addition to the items listed in Local Rule 16–2, at the FPTC, counsel must be ready to discuss how to streamline the trial, including, but not limited to bifurcation, presentation of non–critical testimony by deposition, stipulations as to the content of testimony, and qualification of experts by admitted resumes.

    d.  **Preparation of Required Trial Documents**. Carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), Witness Lists, and Joint Exhibit Lists shall be submitted in accordance with the timing and other provisions of Local Rules 16–2 through 16–7. These documents shall be filed and served not later than twenty–one (21) days before the FPTC. (Local Rules 16–4 through 16–6.) Also note that Rule 16 contains specific requirements for the presentation of deposition testimony (Local Rule 16–2.7) and the disclosure of graphic and illustrative material (Local Rule 16–3).

    e.  **Proposed Final Pretrial Conference Order ("FPTCO")**. The Proposed FPTCO shall be lodged with the Clerk eleven (11) days before the FPTC. As required by Local Rule 16–7, the Proposed FPTCO should follow the format Pretrial Form No. 1. See Local Rules, Appendix A, "Pretrial

Form No. 1."

  **f.** **Status Report Re: Settlement**. At the time that they lodge the Proposed FPTCO, the parties must file a Status Report Re: Settlement, indicating whether they have conducted the Local Rule 16 ADR Procedure and/or what additional steps are being taken to achieve settlement.

**13.** **BENCH TRIALS**

The following requirements apply to parties preparing for a bench trial.

  **a.** Counsel for each party shall lodge and serve proposed Findings of Fact and Conclusions of Law at least seven (7) days before trial.

  **b.** The parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental findings of fact and conclusions of law during the course of the trial.

  **c.** Counsel must prepare their exhibits for presentation at trial by placing them in 3–hole binders with tabs down the side showing the exhibit numbers. These binders are to be prepared in an original (for the Courtroom Deputy Clerk) and two copies (for the Judge and the law clerk). The originals shall each be tagged with the appropriate exhibit tags in the upper or lower right–hand corner of the first page of each exhibit. Each binder shall include a list of each exhibit it contains. The exhibits must be numbered in accordance with Local Rule 16–6. Counsel shall supply three extra copies of their individual or joint exhibit lists and witness lists to the Courtroom Deputy Clerk at trial.

  **d.** Counsel must meet not later than ten (10) days before trial to stipulate as much as possible to foundation, waiver of the

best evidence rule, and which exhibits may be received into evidence at the start of trial. Any exhibits that the parties have stipulated to admit should be identified on the exhibit lists.

**14. JURY TRIALS**

The following requirements apply to parties preparing for a jury trial.

    a.    **Proposed Jury Instructions and Special Verdict Forms**. The parties must jointly submit proposed jury instructions. Counsel need only submit proposed **substantive** instructions. The Court will propound its own **general** instructions taken from the current Manual of Model Civil Jury Instructions (Thompson West) for the Ninth Circuit. The Court prefers counsel to use the instructions from the Manual of Model Civil Jury Instructions (Thompson West) for the Ninth Circuit. Where California law applies and the Ninth Circuit instructions are inapplicable, the Court expects counsel to use California Civil Jury Instructions ("CACI"). If neither of the above sources is applicable, counsel are directed to use the instructions from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions or California Forms of Jury Instructions. The parties may also propose a special verdict form.

    b.    **Meeting of Counsel**. Counsel shall exchange proposed jury instructions and special verdict forms seven (7) days before the Local Rule 16–2 meeting of counsel. Counsel shall exchange any objections to the proposed jury instructions and special verdict forms within seven (7) days. Counsel shall meet and confer prior to the FPTC with the goal of

reaching agreement on a set of <u>joint</u> instructions and one special verdict form.

    c.    **Filing Joint Proposed Jury Instructions**. The parties shall file their joint proposed jury instructions no later than three (3) days before the FPTC. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction. The joint jury instructions shall be filed in the following form:

        i.    The agreed upon instructions;

        ii.    Plaintiff's proposed instructions, to which Defendant objects; and

        iii.    Defendant's proposed instructions, to which Plaintiff objects.

An index shall accompany all jury instructions submitted to the Court. The index shall indicate the following:

        i.    The number of the instruction;

        ii.    A brief title of the instruction;

        iii.    The source of the instruction and any relevant case citations; and

        iv.    The page number of the instruction.

<u>EXAMPLE OF JURY INSTRUCTION INDEX ENTRY</u>

| <u>Number</u> | <u>Title</u> | <u>Source</u> | <u>Page</u> |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. 1.3 | 5 |

In addition to filing the proposed jury instructions and providing chambers copies, counsel must email their proposed instructions in WordPerfect or MS Word to abc_chambers@cacd.uscourts.gov.

    d.    **Filing Objections to Disputed Jury Instructions**.

Objections to disputed instructions shall be filed by the date of the FPTC. Any and all objections shall first set forth the proposed instruction in its entirety. The objection shall be specific and contain citation to authority and/or a concise argument supporting the view that the instruction is improper. If applicable, the objecting party shall submit an alternative instruction on a separate page.

    e.    **Exhibit Lists and Witness Lists**. Counsel must prepare their exhibits for presentation at trial by placing them in 3–hole binders with tabs down the side showing the exhibit numbers.These binders are to be prepared in an original (for the Courtroom Deputy Clerk) and two copies (for the Judge and Court Reporter). These shall be delivered to the Courtroom Deputy Clerk no later than 8:15 a.m. on the first day of trial. The originals shall each be tagged with the appropriate exhibit tags in the upper or lower righthand corner of the first page of each exhibit. Each binder shall include a list of each exhibit it contains. The exhibits shall be listed and numbered in numerical order in accordance with Local Rule 16–6. Counsel shall supply four clean copies (without PDF headers) of their individual or joint exhibit lists and witness lists to the Courtroom Deputy Clerk at the trial.

    f.    **Stipulations**. Counsel must meet at least ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and which exhibits may be received into evidence at the start of trial. Any exhibits that the parties have stipulated to admit should be identified on the exhibit lists. In cases involving many exhibits, the Court encourages counsel

to reach agreement on ways in which testimony about exhibits can be clarified and streamlined for the jury as it is being presented. For example, counsel may consider using enlargements of important exhibits. Counsel should also meet and confer specifically about stipulating to most exhibits in such cases. Counsel may not provide exhibits or copies of the exhibits to the jury during the trial.

    g.    **Conduct of Trial**.

          i.    If counsel need to arrange for the installation of their own equipment, notify the Courtroom Deputy Clerk **no later than 4:30 p.m. two days before trial** to make the necessary arrangements.

          ii.    Counsel shall arrive at the Courtroom not later than 8:15 on the first day of trial. Counsel must be on time as the Court starts promptly.

          iii.    Trial days are Tuesday through Friday, 8:30 a.m. to 4:30 p.m., with a morning and an afternoon break, and a lunch recess from approximately 12:00 p.m. to 1:15 p.m. Each day before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal problems outside of the presence of the jury. Counsel are urged to anticipate matters that may need discussion or hearing outside of the presence of the jury and to raise them during this period. The Court rarely grants counsel's requests for sidebars during the trial of civil cases. During the trial, if there are any matters you wish to discuss, please inform the

       Courtroom Deputy Clerk.

  iv. Please rise when addressing the Court and when the jury enters or leaves the courtroom.

  v. Address all remarks to the Court. Do not directly address the Courtroom Deputy Clerk, the court reporter, or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to him or her off the record. All requests to re–read questions or answers, or to have an exhibit placed in front of a witness, shall shall be addressed to the Court.

  vi. Avoid discussing the law or arguing the case in opening statements.

  vii. Do not approach the Courtroom Deputy Clerk or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished.

  viii. When objecting, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc.

  ix. If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when Court resumes.

  x. When a party has more than one lawyer, only one may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

  xi. While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses

in the back of the courtroom unless permission is granted in advance.

  xii. Do not run out of witnesses. If you run out of witnesses and there is more than a brief delay, the Court may you to have rested.

  xiii. The Court attempts to accommodate witnesses who have scheduling constraints and will, except in extraordinary circumstances, permit them to testify out of sequence. Anticipate any such possibility and discuss it with opposing counsel. If there is an objection, confer with the Court in advance.

  xiv. Do not refer to your client, other litigants, or witnesses by their first names.

**15. NOTICE**

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**16. COURT'S WEBSITE**

This Case Management Order is available on the Central District of California website at www.cacd.uscourts.gov under "Judges' Procedures & Schedules." The Local Rules and General Orders are also available on the Central District's website.[1]

Dated: March 4, 2014

*Audrey B. Collins*

———————————————————
Audrey B. Collins
United States District Judge

---

[1] Local Rules may be purchased from the following

| Los Angeles Daily Journal | West Group | Metropolitan News |
| 915 East First Street | 50 West Kellogg Boulevard | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul, MN 55164–9979 | Los Angeles, CA 90012 |