UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Vahag Matevosian | | Thomas P Quinn, Jr. |

**Proceedings:** **(IN CHAMBERS)** ORDER DENYING-IN-PART AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND FOR SANCTIONS; AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION

Motion to Compel Responses to Discovery Requests

On November 13. 2014, plaintiff filed a motion to compel responses to its discovery requests and for monetary sanctions (Docket Entry No. 34). On November 20, 2014, defendant filed a response to the motion (Docket Entry No. 35). On November 27, 2014, Plaintiff filed a reply (Docket Entry No. 36).

A hearing was held on January 8, 2015. The parties informed the Court that Plaintiff's motion to compel responses to its first set of interrogatories, and requests for admissions nos. 23 and 24 have been resolved. In addition, defendant represented that it has agreed to and will provide supplemental responses, no later than January 12, 2015, to (1) interrogatory nos. 17 and 18; and (2) request for admission no. 24, IT IS SO ORDERED.

The parties informed the Court that, pursuant to a confidentiality agreement between the parties, defendant has or will produce documents responsive to several of plaintiff's requests for production of documents.

The Court heard argument on the remaining unresolved requests for production of documents and ruled as follows:

Request for Production No. 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

    Plaintiff seeks "all DOCUMENTS which contain any data about [defendant's] specific allocation, in percentages and/or dollar amounts of [defendant's] resources to credit dispute resolution, in the preceding 5 years." (Doc. # 34; Exh. C). Defendant objects to this request, claiming that the request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information requested is confidential and proprietary and that any production should be limited by a protective order. Without waiving these objections, defendant claims it is not in possession of any documents responsive to this request. Id. At the hearing, counsel for defendant informed the Court that the requested records do not exist. The Court finds that, as phrased, the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, the Court is satisfied that defendant has adequately responded to the request by stating that the requested records do not exist. Accordingly, the Motion to Compel a response to this request is DENIED.

    Request for Production No. 13

    Plaintiff seeks "all DOCUMENTS which contain any data about internal, self or external audits of [defendant's] credit reporting and investigation programs, rules, policies, procedures and standards, in the preceding 5 years." (Doc. # 34; Exh. C). Defendant objects to this request contending that the request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information requested is confidential and proprietary and that any production should be limited by a protective order. Without waiving these objections, defendant claims it is not in possession of any documents responsive to this request. Id. In its Opposition to the Motion, defendant asserted that any documents responsive to this request are not within its custody or control. (Doc. # 35 at 6). The Court finds that, as phrased, the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, the Court is satisfied that defendant has adequately responded to the request by stating that any responsive records are not within its possession, custody or control. Accordingly, the Motion to Compel a response to this request is DENIED.

    Request for Production No. 14

    Plaintiff seeks "all report, memoranda, bulletin or other DOCUMENTS which describes the potential adverse effects or consequences on consumers of inaccurate, untruthful, or unreliable credit reporting by [defendant]." (Doc. # 34; Exh. C). Defendant objects to the request contending that the request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information information requested is confidential and proprietary and that any production should be limited by a protective order. Without waiving these objections, defendant claims it is not in possession of any documents responsive to this request. Id. In its Opposition to the Motion, defendant asserted that any responsive documents are not within its custody or control. (Doc. # 35 at 6). The Court finds that, as phrased, the request is overbroad and not reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

calculated to lead to the discovery of admissible evidence. Nevertheless, the Court is satisfied that defendant has adequately responded to the request by stating that the requested records are not within its possession, custody or control. Accordingly, the Motion to Compel a response to this request is DENIED.

Request for Production No. 16

Plaintiff seeks "any contract or obligation attributed to PLAINTIFF for each one of the ACCOUNTS." (Doc. # 34; Exh. C). Defendant objects to this request contending that the request is vague and ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information information requested is confidential and proprietary and that any production should be limited by a protective order. Id. In its Opposition to the Motion, defendant asserted that any responsive documents are not within its possession, custody or control. (Doc. # 35 at 6). At the hearing, Plaintiff explained that it was seeking contracts or obligations that Plaintiff had with respect to third parties who may have extended credit to Plaintiff and reported adverse credit history to the defendant or other credit reporting agencies. The Court ORDERS Plaintiff to serve a supplemental request for production, clearly specifying the records that are being sought. Accordingly, the Motion to Compel a response to this request - as phrased - is DENIED.

Request for Production No. 18

Plaintiff seeks "any agreement and amendments under which [defendant] permitted the furnishers of the ACCOUNTS to report or furnish credit information to [defendant] relating to PLAINTIFF and/or the ACCOUNTS." (Doc. # 34; Exh. C). Defendant objects to the request contending that the request is vague and ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information requested is confidential and proprietary and that any production should be limited by a protective order. Id. In its Opposition to the Motion, defendant also asserted that plaintiff had failed to identify the furnishers from whom account information was being sought. (Doc. # 35 at 6). The Court ORDERS defendant to produce documents responsive to this request, but limited to the entities that furnished accounts to Plaintiff only, pursuant to the parties' confidentiality agreement or a stipulated protective order issued by the Court. Accordingly, the Motion to Compel a response to this request- as modified - is GRANTED.

Request for Production No. 27

Plaintiff seeks "all performance evaluations for each and every one of [defendant's] employees who communicated with PLAINTIFF or took any action with regard to the resolution of any of PLAINTIFF's credit disputes." (Doc. # 34; Exh. C). Defendant objects to the request contending that the request is vague and ambiguous, overbroad, unduly burdensome and seeks information that is not relevant or calculated to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

lead to the discovery of admissible evidence. Defendant also claims that the information requested is confidential and proprietary and that any production should be limited by a protective order. Id. In its Opposition to the Motion, defendant also asserted additional objections to this request. (Doc. # 35 at 6). The Court ORDERS Plaintiff to submit a supplemental interrogatory requesting whether the employees who have been identified by defendant as assigned to the handling of Plaintiff's credit dispute have been reprimanded and/or disciplined - within the relevant time frame of Plaintiff's dispute with defendant - with regard to their handling of credit disputes, including the disputes of consumers other than plaintiff. Accordingly, the Motion to Compel a response to this request - as phrased - is DENIED.

Request for Production No. 34

Plaintiff seeks "any and all Federal Trade Commission complaints or lawsuits concerning [defendant's] credit reporting or reinvestigation procedures filed within the preceding five (5) years."(Doc. # 34; Exh. C). Defendant objects to the request contending that the request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant also claims that the information requested is confidential and proprietary and that any production should be limited by a protective order. Id. In its Opposition to the Motion, Defendant asserted additional objections to this request (Doc. # 35 at 6-9). The Court finds defendant's objections persuasive and finds that, even if the information sought was somehow relevant to plaintiff's lawsuit, the information sought is available to Plaintiff through a public record search. Accordingly, the Motion to Compel a response to this request is DENIED.

Request for Production No. 39

Plaintiff seeks the production of "copies of the Method of Verification" that defendant provided to the Plaintiff in or around August 2012. (Doc. # 34; Exh. C). Defendant objects to the request contending that the request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Without waiving these objections, defendant claims that it has provided the requested information in its 644-page production of records. Id. At the hearing, Plaintiff contended that its review of the 644-page production did not reveal the requested records. The Court will ORDER defendant to designate the records responsive to this request. Accordingly, the Motion to Compel a response to this request is GRANTED.

Request for Production Nos. 40-48

Plaintiff seeks copies of Plaintiff's credit report and any other documents showing that the credit accounts disputed by Plaintiff were blocked from Plaintiff's credit report within four days of Plaintiff's submission of a dispute letter. (Doc. # 34; Exh. C). Defendant objects to the request contending that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

request is overbroad, unduly burdensome and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Without waiving these objections, defendant claims it is not in possession of plaintiff's credit reports for prior dates and does not maintain copies of credit reports provided to consumers. Id. In its Opposition to the motion, defendant also asserted that it had produced any responsive documents in its 644-page production of records. (Doc. # 35 at 10). At the hearing, plaintiff clarified that it was seeking any documents evidencing whether defendant took any action to block the credit accounts that were the subject of plaintiff's complaints to defendant. The Court ORDERS defendant to produce all responsive documents to this request. Accordingly, the Motion to Compel a response to this request is GRANTED.

**Plaintiff is ordered to serve all supplemental requests referenced in this order no later than January 16, 2015. Defendant is ordered to comply with this Order by responding, producing and/or identifying documents already produced, no later than January 30, 2015, with the exception of the responses or documents it has agreed to produce by January 12, 2015.**

Request for Sanctions

The Court GRANTS Plaintiff's request for sanctions in the amount of $5,400, representing Plaintiff's expenditure of 18 hours to prepare the motion to compel at a rate of $300 per hour. See Fed.R.Civ.P. 37(a). **Defendant will pay the sanctions no later than February 9, 2015.**

Motion to Compel Plaintiff's Deposition

On December 30, 2014, Defendant filed a motion to compel Plaintiff's deposition (Document Entry No. 42), after seeking court permission to have the motion heard on the same date as the hearing on plaintiff's motion to compel responses to discovery. Defendant contended that on November 20, 2014, it served a notice to take Plaintiff's deposition on December 5, 2014. The notice was served at the address of record for Plaintiff's counsel, the location that defendant believed to be the physical location of counsel's office and the notice stated that the deposition would take place at the office of Plaintiff's counsel, i.e., the address of record for plaintiff's counsel. Plaintiff did not inform defense counsel that the address of record was not the location for counsel's office, and did not inform defense counsel that the noticed date fell outside the discovery cut-off date of December 4, 2014 or that it would not be producing plaintiff for a deposition on December 5, 2014. On December 5, 2014, a court reporter arrived at the address noticed for the deposition and discovered that it was a post office location rather than the law office of Plaintiff's counsel. Id. Plaintiff's counsel made no attempt to re-schedule the deposition and Plaintiff's opposition to the motion to compel plaintiff's deposition is solely based on the fact that the deposition was noticed one-day after the discovery cut-off date for this case and that the motion to compel is untimely. (Document Entry No. 43).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00161-AB(ASx) | Date | January 9, 2015 |
|---|---|---|---|
| Title | Haykuhi Avetisyan v. Equifax Information Services, LLC. | | |

    As set forth above, Defendant was granted leave to file its motion to compel Plaintiff's deposition to be heard on January 8, 2015. Defendant served its notice of deposition prior to the discovery cut-off date and the Court accepts defense counsel's statement that the deposition was inadvertently scheduled to take place one-day after the discovery cut-off date.

    **The Court GRANTS defendant's motion to compel the deposition of Plaintiff and orders the deposition to take place on or before January 30, 2014, unless the parties mutually agree to a later date.**


cc:    U.S. District Judge
       André Birotte Jr.


|  | 1 | : | 30 |
|---|---|---|---|
| Initials of Preparer | | | AF |