THOMAS P. QUINN, JR. (State Bar No. 132268)
Email:  tquinn@nokesquinn.com
NOKES & QUINN
410 BROADWAY, SUITE 210
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax:  (949) 376-3070

J. ANTHONY LOVE  (Admitted *Pro Hac Vice*)
Email:  TLove@kslaw.com
KING & SPALDING LLP
1180 PEACHTREE STREET NE
ATLANTA, GEORGIA  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYKUHI AVETISYAN,  an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>                Defendant. | Case No: 2:14-cv-00161-AB-AS<br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 9, 2015<br>Hearing Time: 10:00 a.m.<br>Courtroom: 790, Roybal Federal Building, 255 E. Temple St., Los Angeles, CA 90012 |

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

## <u>TABLE OF CONTENTS</u>

I.   **INTRODUCTION** ...........................................................................1

II.  **FACTS** ........................................................................................3

    A.   PARTIES.............................................................................3

    B.   DISPUTED ACCOUNTS ....................................................4

    C.   PLAINTIFF'S ALLEGED DAMAGES ..............................4

III. **ARGUMENT & AUTHORITIES** .............................................5

    A.   PLAINTIFF CANNOT PROVE THAT EQUIFAX CONDUCTED UNREASONABLE REINVESTIGATIONS .........................5

    B.   PLAINTIFF CANNOT PROVE THAT EQUIFAX EMPLOYED UNREASONABLE PROCEDURES ....................................9

    C.   PLAINTIFF CANNOT PROVE THAT EQUIFAX FURNISHED HER CREDIT INFORMATION FOR AN IMPERMISSIBLE PURPOSE. ......................................................................12

    D.   PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER THE IDENTITY THEFT PROVISION .....................................15

    E.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF..........15

    F.   PLAINTIFF IS NOT ENTITLED TO ANY MONETARY RELIEF.17

        1.   Plaintiff Cannot Prove that She Incurred Economic Damages Caused by Equifax .................................................................17

        2.   Plaintiff Cannot Recover for Non-Economic Damages ...........21

            a.   Plaintiff Cannot Recover for Non-Economic Damages Absent Proof of Economic Damages .............................21

            b.   Even if the Court considers Plaintiff's claims for Non-Economic Damages, Plaintiff Cannot Establish Equifax is Liable for Such Damages ...............................23

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

– i –

3.    Plaintiff Cannot Prove that Equifax Willfully Violated the
FCRA or the CCRAA ..................................................................24

**IV. CONCLUSION** ....................................................................................**25**

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Avetisyan v. Experian Information Solutions Inc. et al.*,
   2:14-cv-05276 (filed July 8, 2014) ........................................................................5

*Bach v. First Union Nat'l Bank*,
   149 Fed. Appx. 354 (6th Cir. 2005) ...................................................................17

*Bellard v. Gautreaux*,
   675 F.3d 454 (5th Cir. 2012) ..............................................................................18

*Birmingham v. Experian Info. Solutions Inc.*,
   633 F.3d 1006 (10th Cir. 2011) ..........................................................................25

*Bryant v. TRW, Inc.*,
   689 F.2d 72 (6th Cir. 1982) ................................................................................11

*Cahlin v. General Motors Acceptance Corp.*,
   936 F.2d 1151 (11th Cir. 1991) ....................................................................11, 18

*Carney v. Experian Info. Solutions, Inc.*,
   57 F. Supp. 2d 496 (W.D. Tenn. 1999) ................................................................3

*Casella v. Equifax Credit Info. Servs.*,
   56 F.3d 469 (2d Cir. 1995) .................................................................................17

*Cassara v. DAC Servs., Inc.*,
   276 F.3d 1210 (10th Cir. 2002) ....................................................................11, 17

*Chiang v. Verizon New England*,
   2009 WL 102707 (D. Mass. Jan. 16, 2009) .......................................................19

*Collins v. Experian Credit Reporting Serv.*,
   494 F. Supp. 2d 127 (D. Conn. 2007) ................................................................14

*Crabill v. Trans Union, LLC*,
   259 F.3d 662 (7th Cir. 2001) ..............................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Drew v. Equifax Info Servs., LLC*,
   2009 WL 595459 (N.D. Cal. 2009) ....................................................... 11

*Gauci v. Citi Mortgage*,
   No. CV 11-01387 ODW ....................................................................... 15

*Guimond v. Trans Union Credit Info. Co.*,
   45 F.3d 1329 (9th Cir. 1995) ............................................................... 10

*Hogan v. PMI Mortgage Ins. Co.*,
   No. C 05-3851 PJH, 2006 WL 1310461 (N.D. Cal. May 12, 2006) ................... 16

*Katz v. Am. Express Co.*,
   2014 U.S. Dist. LEXIS 82204 (D. Haw. June 16, 2014) ............................... 6

*Mangio v. Equifax, Inc.*,
   887 F. Supp. 283 (S.D. Fla. 1995) ....................................................... 17

*Nelson v. Equifax Info. Servs., LLC*,
   522 F. Supp. 2d 1222 (C.D. Cal. 2007) ................................................. 22

*Orr v. Bank of Am., NT & SA*,
   285 F.3d 764 (9th Cir.2002) ............................................................... 18

*Philbin v. Trans Union Corp.*,
   101 F.3d 957 (3rd Cir. 1996) ......................................................... 10, 19

*Pinner v. Schmidt*,
   805 F.2d 1258 (5th Cir. 1986) ............................................................. 11

*Radcliffe v. Experian Info. Solutions*,
   715 F.3d 1157 (9th Cir. 2013) .............................................................. 2

*Rambarran v. Bank of Am., N.A.*,
   609 F. Supp. 2d 1253 (S.D. Fla. 2009) ........................................ 21, 22, 23

*Ransom v. Equifax Inc.*,
   2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) .......................................... 19

*Roybal v. Equifax*,
   2008 U.S. Dist. LEXIS 79789 (E.D. Cal. Oct. 9, 2008) ............................... 6

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

*Saenz v. Trans Union, LLC*,
  621 F. Supp. 2d 1074 (D. Or. 2007) .......................................................... 10

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) ................................................................................ 24, 25

*Sepulvado v. CSC Credit Services, Inc.*,
  158 F.3d 890 (5th Cir. 1998) ..................................................................... 10

*Smith v. City of Allentown*,
  589 F.3d 684 (3d Cir. 2008) ...................................................................... 18

*Thomas v. Early Warning Servs., LLC*,
  No. CIV.A. L-10-0825, 2012 WL 37396 (D. Md. Jan. 5, 2012) ........................ 14

*Thomas v. Gulf Coast Credit Servs., Inc.*,
  214 F. Supp. 2d 1228 (M.D. Ala. 2002) ...................................................... 23

*Wagner v. BellSouth Telecom., Inc.*,
  520 Fed. Appx. 295 (5th Cir. 2013) ....................................................... 17, 23

*Washington v. CSC Credit Servs. Inc.*,
  199 F.3d 263 (5th Cir. 2000) ..................................................................... 15

*Williams v. Equifax Credit Info. Services*,
  2007 WL 4458914 (D.S.C. Dec. 17, 2007) ................................................... 19

**Statutes**

15 U.S.C. § 1681a(f) .......................................................................... *passim*

15 U.S.C. § 1681b ..................................................................... 2, 12, 13

15 U.S.C. § 1681b(a) ................................................................................ 13

15 U.S.C. § 1681b(a)(3)(A) ...................................................................... 13

15 U.S.C. § 1681c-2(b) ............................................................................... 2

15 U.S.C. § 1681e(a) ................................................................................ 13

15 U.S.C. § 1681e(b) ........................................................................ *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

15 U.S.C. § 1681i ............................................................................ 1, 5, 6, 9

15 U.S.C. § 1681i(a)(1)(A) ............................................................................ 5

15 U.S.C. § 1681s-2 ............................................................................ 3

Cal. Civ. Code § 1785.3(d) ............................................................................ 3

Cal. Civ. Code § 1785.14(b) ............................................................................ 1

Cal. Civ. Code § 1785.16 ............................................................................ 1

Cal. Civ. Code § 1785.16(a) ............................................................................ 5

**Other Authorities**

16 C.F.R. Part 600 App. (2000) ............................................................................ 11

10A Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal
    Practice and Procedure § 2722 (3d ed. 2008) ........................................ 19

Fed. R. Evid. 602 ............................................................................ 18

Fed. R. Evid. 801(c), 802 ............................................................................ 19

Rule 56(e) ............................................................................ 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

– vi –
DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

1

## I.   <u>INTRODUCTION</u>

2

Plaintiff Haykuhi Avetisyan is a native of Armenia who visited the United

3
4

States in 2002, then returned to Armenia, then back to the United States again in

5

2012.  Upon her return, she alleges that she attempted to obtain credit, which was

6

denied to her purportedly because there was derogatory information on her credit

7
8

file.  Plaintiff then began disputing the accuracy of her file with Defendant Equifax

9

Information Services LLC ("Equifax"), a nationwide consumer reporting agency,

10

claiming at first that the accounts were not hers and, later, that she had been the

11
12

victim of identity theft.  In her lawsuit, Plaintiff alleges that Equifax violated the

13

Fair Credit Report Act ("FCRA") in its handling of her credit file, purportedly

14
15

causing her both economic damages and emotional distress.

16

Specifically, Plaintiff claims that Equifax negligently and willfully violated

17
18

four FCRA provisions, and two corresponding provisions of California's Consumer

19

Credit Reporting Agencies Act ("CCRAA"): (1) 15 U.S.C. § 1681e(b) and Cal.

20
21

Civ. Code § 1785.14(b), which govern procedures consumer reporting agencies

22

must follow in preparing consumer reports; (2) 15 U.S.C. § 1681i and Cal. Civ.

23

Code § 1785.16, which govern reinvestigations of information disputed by

24
25

consumers;[1] (3) 15 U.S.C. § 1681b, which governs procedures about determining

26

27
28

_____

[1] Sections 1785.14 and 1785.16 are simply California state-law counterparts to the
FCRA's §§ 1681e(b) and 1681i(a).  *Radcliffe v. Experian Info. Solutions*, 715 F.3d

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

the entities to whom consumer reporting agencies are allowed to furnish consumer reports; and (4) 15 U.S.C. § 1681c-2(b), which governs procedures consumer reporting agencies must follow when a consumer completes an identity theft report. In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief.

The Court should grant Equifax summary judgment on all Counts because: (1) Equifax followed reasonable procedures in preparing the three consumer reports described in Plaintiff's interrogatory responses; (2) Equifax followed reasonable procedures with respect to each of the six direct disputes that it received directly from Plaintiff or on her behalf; (3) Plaintiff cannot prove that Equifax furnished her credit information for an impermissible purpose; (4) Plaintiff cannot recover under the FCRA's identity theft provision; (5) injunctive relief is not available to a private litigant under the FCRA and, in any event, Plaintiff's credit file has been updated now so that all of the disputed accounts have been removed and her credit file has no accounts or credit score at all; and (6) Plaintiff has failed to present evidence that any of her alleged damages were proximately caused by Equifax.

---

1157, 1161 (9th Cir. 2013).  Because these state-law claims mirror the federal-law claims, Equifax will not separately address the state-law claims.  The same reasons for dismissing the FCRA claims apply equally to Plaintiff's state-law claims.

– 2 –

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

## II.   FACTS

### A.   PARTIES

Equifax is a "consumer reporting agency" ("CRA") as defined under the FCRA, 15 U.S.C. § 1681a(f), and "credit reporting agency" as defined by the CCRAA, Cal. Civ. Code § 1785.3(d) .   (SUF ¶ 1.[2])   CRAs receive data about consumers from a wide variety of sources.  These sources are collectively referred to in the FCRA as "furnishers of information."  *See* 15 U.S.C. § 1681s-2.  The term "furnisher" has been defined as "an entity . . . which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies."  *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).   In preparing consumer reports (commonly known as "credit reports"), the CRAs rely heavily on the accuracy of the consumer information furnishers provide.

Plaintiff, a native of Armenia, says she arrived in the United States in July 2012, which was ten years after her first visit to this country.  (SUF at ¶ 34).  Upon her return to the United States in 2012, she says that she attempted to open a credit account, and, upon doing so, she says she learned that 39 accounts were opened

---

[2] Throughout this brief, "SUF" refers to Equifax's Statement of Uncontroverted Facts and Conclusions of Law.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

without her knowledge and/or approval between June 2004 and June 2011.  (*Id.* at ¶ 35).[3]

## B.    DISPUTED ACCOUNTS

In total, Equifax has records of twenty-one disputes regarding Plaintiff's credit file, but only six of these disputes were made directly to Equifax by Plaintiff or by someone on her behalf.  (SUF at ¶ 36).  The remaining fifteen disputes were referrals from the other credit reporting agencies, meaning that Plaintiff contacted another consumer reporting agency who notified Equifax of the dispute it received.

## C.    PLAINTIFF'S ALLEGED DAMAGES

Equifax served interrogatories upon Plaintiff in this case and asked her to identify all of her alleged actual damages.  Plaintiff listed the following three alleged credit denials: (1) Capital One Bank (USA), N.A. on September 20, 2012; (2) Wells Fargo Bank, N.A. on September 20, 2012; and (3) Capital One, N.A. (Best Buy) on August 5, 2013. (SUF ¶¶ 78-80).  Plaintiff claims that she is entitled to actual damages, including damages for emotional distress, statutory damages, punitive damages, costs and attorneys' fees. (*Id.* at ¶ 76).  Further, Plaintiff alleges she had a miscarriage, which she claims was caused by the stress she experienced while disputing the accuracy of her Equifax credit report.  (*Id.* at ¶ 85).

---

[3] Plaintiff alleges in the Complaint that 39 accounts were fraudulently opened, which is inconsistent with the 32 accounts on her credit file when she began disputing those accounts with Equifax.  (SUF ¶¶ 35, 42-44).

– 4 –

Subsequent to the filing of this lawsuit, Plaintiff also filed a *pro se* Complaint against the other two consumer reporting agencies, Experian Information Solutions and Trans Union, which contains the same substantive allegations and has been designated as related to this case.  *See Avetisyan v. Experian Information Solutions Inc. et al.*, 2:14-cv-05276 (filed July 8, 2014).

III.   **ARGUMENT & AUTHORITIES**

   A.   **PLAINTIFF CANNOT PROVE THAT EQUIFAX CONDUCTED UNREASONABLE REINVESTIGATIONS**

Under § 1681i of the FCRA, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ."  15 U.S.C. § 1681i(a)(1)(A).[45]  Plaintiff must prove the following elements for her § 1681i claim: (1) her credit report contains inaccurate or incomplete information; (2) she notified the CRAs directly of the inaccurate or incomplete information; (3) her

---

[4] Similarly, the CCRAA states that, "[i]f the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency . . . the consumer credit reporting agency shall . . . reinvestigate . . . the disputed information . . . ."  Cal. Civ. Code § 1785.16(a).

[5]   Therefore, Equifax's potential liability is necessarily limited to the six occasions on which it was directly notified of a dispute by Plaintiff or someone on her behalf.

dispute is not frivolous or irrelevant; (4) the CRAs failed to respond to her dispute; (5) the failure to reinvestigate caused her to suffer damages; and (6) she suffered actual damages. *Roybal v. Equifax*, 2008 U.S. Dist. LEXIS 79789, at *13-14 (E.D. Cal. Oct. 9, 2008) (citation omitted); *Katz v. Am. Express Co.*, 2014 U.S. Dist. LEXIS 82204, at *8-9 (D. Haw. June 16, 2014) (citations omitted).

Equifax is entitled to summary judgment on all of Plaintiff's § 1681i claims because Plaintiff has no evidence that Equifax failed to properly reinvestigate any of her disputes of these accounts and addresses.   In each instance, Equifax conducted adequate reinvestigations as required by the FCRA.

With respect to the first dispute in July 2012, Plaintiff sent a letter from 4570 Van Nuys Blvd Apt. 169 claiming that: (1) some of the accounts were not hers; (2) she possessed no knowledge of some of the accounts; and (3) she did not agree to the account balances listed on the report.  (SUF ¶¶ 37-39).  Plaintiff did not claim that she was the victim of identity theft or that she did not reside at any of the addresses listed on her credit file.  (*Id.* at ¶¶ 39-40).  During the course of the reinvestigation, Equifax deleted certain of the accounts, verified others as accurate and informed Plaintiff that certain of the accounts listed in her dispute were not currently reporting on the credit file. (*Id.* at ¶¶ 41-45).[6]

---

[6]  As set forth herein, Plaintiff later disputed certain addresses, including the one at

The next dispute received by Equifax was made on Plaintiff's behalf in August 2012 by Renatus Credit.[7]  (SUF ¶ 46).  This dispute was materially identical to the first dispute.  Plaintiff claimed there were inaccuracies on the credit report, but did not claim that she was the victim of fraud or that she did not reside at any of the addresses listed on her credit file.  (*Id.* at ¶¶ 47-48).  Equifax reinvestigated the accounts, deleted some of the accounts as a result, and verified others as accurate. (*Id.* at ¶¶ 49-52).

The third dispute received by Equifax, dated October 2012, was the first dispute in which Plaintiff claimed that she was the victim of identity theft.  (SUF ¶¶ 53-54).  Plaintiff's letter indicates that an identity theft report and affidavit was attached thereto, but there is no indication that such a report was actually received by Equifax with Plaintiff's letter.  (*Id.* ¶ 54).  It is Equifax's policy to retain copies of supporting documentation that accompanies a dispute letter and, therefore, had such an identity theft report been received, it would have resided on Equifax's system.  (*Id.* at ¶¶ 13-14).  Nevertheless, Equifax placed a fraud alert on Plaintiff's credit file and went through its standard reinvestigation process, resulting in the

---

4570 Van Nuys Blvd Apt. 169 despite that she had submitted a dispute from that same address, thus casting doubt as to the veracity of her dispute.

[7]   There is some question as to the reliability and veracity of Renatus Credit, which has had several complaints lodged against it with, *inter alia*, the Better Business Bureau and online forums for consumer disputes.  (SUF at ¶ 75).

Defendant Equifax Information Services LLC's
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

verification of some accounts and deletion of others from the credit file.  (*Id.* at ¶¶ 55-57).

Nine months later, in July 2013, Plaintiff sent a fourth dispute to Equifax, this time including a police report and identity-theft affidavit.  (SUF ¶¶ 58-59). That police report and accompanying attachment explicitly referenced an Experian credit report, and Equifax was not mentioned or referenced in any manner.  (*Id.* at ¶ 60).  This was also the first time in which there was a reference to any fraudulent address on Plaintiff's report, but one of the purportedly fraudulent addresses was the very same address listed on Plaintiff's first dispute with Equifax: 4570 Van Nuys Blvd #169.  (*Id.* at ¶ 62).  At the very least, this inconsistency calls into question the truthfulness of certain information on the identity theft report. Moreover, the police report was dated prior to the first dispute with Equifax, which raises the questions of why Plaintiff did not bring the report to Equifax's attention earlier and why the first disputes did not reference any identity theft allegations. Despite these facts, Equifax went through its standard reinvestigation process, verifying some of the accounts as accurate, deleting others, and informing Plaintiff that some of the disputed accounts were not currently reporting on the credit file. (*Id.* at ¶¶ 63-66).

Plaintiff's fifth dispute is dated September 2013 and was similar in nature to the fourth dispute, referencing the identity theft affidavit and listing certain

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

accounts as being fraudulent.  (SUF ¶ 67).  During the reinvestigation process, Equifax suppressed certain accounts pursuant to its policies and procedures or because the data furnisher informed Equifax to do so or failed to provide a response to the reinvestigation.  (*Id.* at ¶¶ 68-69).  In the sixth dispute dated October 2013, Plaintiff failed to provide information to Equifax on the accounts deemed to be fraudulent, and as a result, Equifax took no further action.  (*Id.* at ¶¶ 70-71).

None of the steps Equifax took during these six reinvestigations was unreasonable or taken pursuant to unreasonable procedures.  Each time, Equifax investigated the information Plaintiff provided—even when it plainly conflicted with other information that Plaintiff had previously sent Equifax—and each time it was able to verify some accounts and remove others.  There is nothing unreasonable about those reinvestigations, and Plaintiff therefore cannot establish a claim under § 1681i.

## B.   PLAINTIFF CANNOT PROVE THAT EQUIFAX EMPLOYED UNREASONABLE PROCEDURES

Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  For Plaintiff to prove Equifax's negligent noncompliance with § 1681e(b), she must prove: "(1) inaccurate information was

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

included in [her] credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) [she] suffered injury; and (4) [her] injury was caused by the inclusion of the inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996).

The FCRA is not a strict-liability statute.  The Ninth Circuit has held that a CRA is not "liabl[e] if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures."  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).  In other words, an inaccuracy in a consumer report does not automatically mean that the consumer has a cause of action or that the agency is liable for that alleged inaccuracy.  *Id.*; *see also Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895–96 (5th Cir. 1998) (stating that the FCRA does not require error free consumer reports).

Although the Ninth Circuit has recognized that the reasonableness of an agency's procedures and whether the agency followed those procedures are sometimes jury questions, Plaintiff cannot rely on an inaccuracy alone, especially where the inaccuracy does not permit an inference as to the reasonableness of the consumer reporting agency's procedures.  *See Guimond*, 46 F.3d, at 1333; *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1080-81 (D. Or. 2007) (citing *Guimond*,

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

46 F.3d at 1333); *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986).[8]  Further, many federal courts have held that the determination of whether an agency's procedures are reasonable is a question of law appropriately decided on a motion for summary judgment.  *See Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1212, 1217 (10th Cir. 2002); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1159 (11th Cir. 1991); *Bryant v. TRW, Inc.*, 689 F.2d 72, 77 (6th Cir. 1982); *Drew v. Equifax Info Servs., LLC*, 2009 WL 595459, at *6–7 (N.D. Cal. 2009).

Plaintiff has identified three credit reports sent to different prospective creditors that she alleges Equifax prepared without following reasonable procedures: (1) a report sent to Capital One Bank on or around September 20, 2012; (2) a report sent to Wells Fargo Bank, N.A. on or around September 20, 2012; and (3) a report sent to Capital One, N.A. (Best Buy) on or around August 5, 2013. (SUF ¶¶ 78-80).  Plaintiff has no evidence that these reports were prepared using unreasonable procedures by including information that Equifax knew was not hers due to identity theft.  Indeed, the first two of these reports—both on or around

---

[8] See also the official commentary of the Federal Trade Commission, the federal agency empowered to enforce the FCRA: "The section does not require error free consumer reports.  If a consumer reporting agency accurately … communicates consumer information received from a source … reasonably believe[d] to be reputable, and … credible on its face, the agency does not violate this section simply by reporting an item of information that turns out to be inaccurate."  16 C.F.R. Part 600 App. (2000).

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

September 20, 2012—occurred well before Plaintiff ever notified Equifax that she had been the victim of identity theft.   (*Id.* at ¶¶ 58-59, 78-79)   It cannot be unreasonable for Equifax to report consumer information that matches the consumer when it has no knowledge of any alleged crime.

Although Equifax had some knowledge that Plaintiff believed she was the victim of identity theft by the time the third report issued (the one for Capital One on August 5, 2013), plaintiff submitted inconsistent information—indeed, one of the addresses that Plaintiff claimed was fraudulent was also the same address from which she had sent an early dispute to Equifax. (SUF at ¶ 62).  It was reasonable for Equifax to wait until those inconsistencies were resolved in later disputes to remove other information that Plaintiff claimed was fraudulently reporting on her file.

Because Plaintiff cannot prove that any of the three credit reports at issue were prepared or issued without following reasonable procedures to ensure their accuracy, Equifax is entitled to summary judgment on Plaintiff's § 1681e(b) claim.

## C.    PLAINTIFF CANNOT PROVE THAT EQUIFAX FURNISHED HER CREDIT INFORMATION FOR AN IMPERMISSIBLE PURPOSE.

Plaintiff's claim under § 1681b for furnishing of her credit file without a permissible purpose also fails as a matter of law for at least two reasons.  First, Plaintiff has not identified, and has no evidence of, any instances when her credit

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

information was improperly furnished to a third party. Second, Plaintiff cannot prove that Equifax had reason to believe that any information it might have furnished would be used for an impermissible purpose.

Section 1681b limits the circumstances under which consumer reporting agencies may furnish a "consumer report." See 15 U.S.C. § 1681b(a). As relevant here, a report may be furnished regarding a consumer if the agency "has reason to believe" the report will be used for purposes of establishing consumer credit for the consumer to whom the report relates. 15 U.S.C. § 1681b(a)(3)(A). Consumer reporting agencies must also maintain reasonable procedures for ensuring compliance with § 1681b(a). 15 U.S.C. § 1681e(a).

Plaintiff has no basis for a § 1681(b) claim. The Complaint and responses to Equifax's discovery requests are completely devoid of a single allegation as to an improper person and/or entity to whom Equifax furnished information. The only reference to § 1681b in this case is in the Counts section of the Complaint and thus, it appears that this reference was added as part of a laundry list of Equifax's alleged violations of the FCRA. Furthermore, as detailed in Equifax's Statement of Undisputed Material Facts, Equifax has in place reasonable procedures to prevent improper disclosure of consumer information, including a vetting process to determine the user's legitimacy. (*See* SUF ¶¶ 6-12). Accordingly, summary judgment should be granted in favor of Equifax on Plaintiff's § 1681b claims.

– 13 –

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

### D.   PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER THE IDENTITY THEFT PROVISION

Under § 1681c–2, a reporting agency must block the reporting of any incorrect information in a consumer's file upon receiving: "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." *Thomas v. Early Warning Servs., LLC*, No. CIV.A. L-10-0825, 2012 WL 37396, at *2 (D. Md. Jan. 5, 2012).  *See also Collins v. Experian Credit Reporting Serv.*, 494 F. Supp. 2d 127, 133 (D. Conn. 2007).

Plaintiff cannot prove that Equifax violated this provision of the FCRA. With respect to the first two disputes Plaintiff had with Equifax, she failed to indicate identify theft was involved or provide the appropriate identity theft report. In fact, Plaintiff only claimed that the accounts did not belong to her.  (SUF ¶¶ 37-40, 46-48).  Equifax, therefore, was not on notice that Plaintiff believed she was the victim of identity theft and correspondingly could not be expected under § 1681c–2 to place an alert or block on Plaintiff's file.  Equifax therefore cannot be liable for failing to do so.  *See Collins*, 494 F. Supp. 2d at 133 (finding that plaintiffs were required to bring their alleged identity theft to Defendants' attention before they could be expected under the statute to place an alert or a block on their files).

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

– 14 –
DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

With respect to the third dispute, Equifax is likewise not liable under § 1681c-2 because, although Plaintiff referenced identity theft and police reports in her dispute, she did not actually provide those reports to Equifax at that time. Pursuant to Equifax's policies and procedures, a consumer must provide either a police report or identity theft affidavit accompanied by a listing of accounts alleged to be fraudulent.  (SUF at ¶ 26).  With respect to the last three disputes, Equifax suppressed addresses and accounts alleged to be fraudulent.  Thus, Plaintiff's § 1681c-2 claim fails as a matter of law.

**E.      PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF**

Plaintiff may not pursue equitable relief under the FCRA.  As the leading appellate opinion on this issue held, "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." *Washington v. CSC Credit Servs. Inc*., 199 F.3d 263, 268 (5th Cir. 2000).  District courts in the Ninth Circuit agree that a private party may not obtain injunctive relief under the FCRA. *See Gauci v. Citi Mortgage*, No. CV 11-01387 ODW JEMX, 2011 WL 3652589, at *3 (C.D. Cal. Aug. 19, 2011) (*citing Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1145 (N.D.Cal.2005) ("[T]he express inclusion of injunctive relief in certain provisions

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

of the FCRA and its omissions from the provisions creating plaintiff's cause of action [is] a sufficiently 'clear command' from Congress that injunctive relief is not available to plaintiff."); *Yeagley v. Wells Fargo & Co.*, No. C 05–03403 CRB, 2006 WL 193257, at *2 (N.D.Cal. Jan.13, 2006); *White v. E–Loan, Inc.*, 409 F.Supp.2d 1183, 1187 n. 6 (N.D.Cal.2006); *Parthiban v. GMAC Morg. Corp.*, No. SA CV 05–768 DOC (MLGx), 2006 U.S. Dist. LEXIS 38433, at *25 (C.D.Cal. Mar. 1, 2006); *Fisher v. Fin. Am., LLC*, No. SACV 05–0888 CJC (RNBx), 2006 U.S. Dist. LEXIS 36473, at *27–28 (C.D.Cal. Jan. 23, 2006)).   Moreover, because Congress specifically enumerated the types of remedies available to consumers (in § 1681n and § 1681o), and did not include injunctive or declaratory relief, and because Congress expressly authorized such relief on behalf of federal and state agencies, it is clear that Congress intended to limit such equitable relief to those instances in which it expressly authorized it.  *See Hogan v. PMI Mortgage Ins. Co.*, No. C 05-3851 PJH, 2006 WL 1310461, at *10 (N.D. Cal. May 12, 2006).[9]

In short, numerous courts have concluded that individual plaintiffs simply do not have the ability to obtain injunctive or declaratory relief for conduct governed by the FCRA.  The same conclusion should be reached here.  To find otherwise would improperly circumvent the expertise and discretion of the FTC to regulate

---

[9] Because the CCRAA is simply the state equivalent of the FCRA, Plaintiff can likewise not recover for equitable relief under the CCRAA.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

consumer reporting agencies. *See Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) ("Permitting private individuals to enforce FCRA compliance through actions for equitable relief would circumvent, and thus undermine, the exercise of" FTC discretion in enforcing the FCRA). Moreover, all of the disputed accounts have been removed from Plaintiff's credit file, rendering this claim moot. The Court should therefore dismiss Plaintiff's request for equitable relief.

### F.   PLAINTIFF IS NOT ENTITLED TO ANY MONETARY RELIEF

#### 1.   Plaintiff Cannot Prove that She Incurred Economic Damages Caused by Equifax

To establish a negligent violation of § 1681e(b) or § 1681i(a), or the corresponding provisions of the CCRAA, Plaintiff must prove, among other things, that (1) she incurred actual damages (2) proximately caused by the alleged violations. *See, e.g., Wagner v. BellSouth Telecom., Inc.*, 520 Fed. Appx. 295, 298 (5th Cir. 2013) (affirming summary judgment where plaintiff "failed to establish actual damages that were proximately caused by Equifax"); *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 360-61 (6th Cir. 2005); *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relationship between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'"); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469,

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

473 (2d Cir. 1995); *Cahlin v. GMAC*, 936 F.2d 1151, 1160-61 (11th Cir. 1991) (affirming summary judgment on FCRA claim where the plaintiff had not met his burden "of coming forward with evidence supporting his claim that [defendant's] alleged inaccurate report caused him harm").

Plaintiff alleges that she incurred economic damages related to credit denials (Wells Fargo Bank, N.A., Capital One, and Best Buy) and the inability to rent an apartment (letters from realtors Axioma and Pacific West). (*See* SUF ¶¶ 78-82). Plaintiff attempts to establish a connection between Equifax and these denials through use of unauthenticated documents and hearsay testimony. This evidence, which would not be admissible at trial, also cannot be used to defeat a motion for summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.2002) (". . . unauthenticated documents cannot be considered in a motion for summary judgment."). *See also Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012); *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2008).

Plaintiff did not take the depositions of any of the credit institutions or realtors, and she is not qualified to authenticate or explain the meaning of the adverse-action letters she received. A witness may not testify to a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See* Fed. R. Evid. 602. Plaintiff does not have personal knowledge of reasons for the credit denials or determinations that she would be

– 18 –

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

unable to rent an apartment.  Accordingly, the letters are barred under the hearsay rule (Fed. R. Evid. 801(c), 802), as a number of courts have held in FCRA cases under similar circumstances.  *See, e.g., Ransom v. Equifax Inc*., 2010 WL 1258084, *4 (S.D. Fla. Mar. 30, 2010) (holding, in an FCRA case, that letters from creditors are "hearsay documents and cannot be considered on a motion for summary judgment"); *Chiang v. Verizon New England*, 2009 WL 102707, *5 (D. Mass. Jan. 16, 2009) (sustaining objection to letters sent from financial institutions to consumer "regarding the basis for their denials of his loan applications"); *Williams v. Equifax Credit Info. Services*, 2007 WL 4458914, *3 (D.S.C. Dec. 17, 2007) (refusing to consider unauthenticated lender documents on a motion for summary judgment); *see also* 10A Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure § 2722 (3d ed. 2008) ("[A] letter submitted for consideration under Rule 56(e) must be attached to an affidavit and authenticated by its author in the affidavit or a deposition."); *see also Philbin*, 101 F.3d at 961 n.1 (plaintiff's statement that an employee of a credit granter "told him his application was denied because of his credit report" was hearsay and inadmissible at trial).

Furthermore, even if Plaintiff could circumvent the hearsay and authentication requirements, the letters upon which Plaintiff relies would not be sufficient to establish a fact question as to whether the institutions relied on inaccurate information provided by Equifax when deciding to deny Plaintiff's

– 19 –

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

credit applications.  First, the reason for Capital One's denial in September 2012—that there was a lack of recent account information and too few/no revolving accounts (*see* SUF ¶78) —would have been true for this Plaintiff regardless of the accuracy or inaccuracy of the information reporting on her file.  Plaintiff says she only arrived back into the United States in July 2012, and so she should have had no accounts listing on her credit report at that time.  (*See* SUF ¶¶ 86-88)  Second, the reason for the denial by Wells Fargo was ambiguous, for it informed Plaintiff that the credit score was "part of our internal evaluation," thereby indicating that there were other reasons for the denial of credit.  (*Id.* at ¶ 79).  Third, Best Buy stated that the credit decision was based "in whole or in part" on information provided by Equifax, and without more information, Plaintiff cannot rely upon this denial letter as a basis for claiming damages as it is unclear that Best Buy's decision, in fact, rested solely on the information contained in an Equifax report.  (*Id.* ¶ 80).  If all of the allegedly fraudulent accounts had been deleted as she wanted, Plaintiff would have no accounts on her credit file and thus, no credit score.  (*Id.* ¶¶ 5, 88).  Plaintiff has provided no evidence that these institutions would have extended her credit under that circumstance, and therefore, these denials of credit cannot form the basis of a claim for economic damages.

Finally, the two letters Plaintiff attached to her discovery responses by realtors are even more deficient as neither mentioned Equifax at all, making it

unclear that an Equifax credit report played any role in the realtors' determination that Plaintiff would not be able to obtain a rental apartment.  (See SUF ¶¶ 81-82.)[10]

In short, Plaintiff cannot prove that she incurred economic damages caused by Equifax's alleged FCRA violations.   For this reason, the Court should summarily dismiss Plaintiff's request for economic damages.

### 2.    Plaintiff Cannot Recover for Non-Economic Damages

#### a.    Plaintiff Cannot Recover for Non-Economic Damages Absent Proof of Economic Damages

Plaintiff's alleged non-economic, emotional distress damages claims likewise do not withstand summary judgment because they require proof of actual monetary loss.  *See Rambarran v. Bank of Am., N.A.,* 609 F. Supp. 2d 1253, 1269-70 (S.D. Fla. 2009).  In *Rambarran*, the Southern District of Florida held that the plaintiff was not entitled to recover damages for his alleged emotional distress where he was unable to prove that the defendant creditor caused him any monetary damages.  *Id.* at 1267-68.  The court explained:

> [T]he notion that an FCRA plaintiff's "testimony of emotional distress must be coupled with additional evidence [of] ... some kind of actual or genuine injury" is consistent with the standard adopted by other courts facing this question. James Lockhart, Annotation, Remedies Available in Private Action Under §§ 616 and 617 (15

---

[10]  Plaintiff additionally claims in her interrogatory responses that she refrained from applying for credit/loan, including a student loan she needed to continue her education.  (*See* SUF ¶ 83).  Such a claim cannot form the basis for any damages as there was no action taken allegedly because of an Equifax credit report.

– 21 –

U.S.C.A. §§ 1681n, 1681o) of Fair Credit Reporting Act—Other than Attorney's Fees, 20 A.L.R. Fed. 2d 509, at § 21 (2007) (collecting cases, including *Cousin v. Trans Union Corp.,* 246 F.3d 359 (5th Cir. 2001), and district court cases from the Second, Fifth, Sixth, Eighth, Ninth and Eleventh Circuits); *accord Wantz v. Experian Info. Solutions,* 386 F.3d 829, 834 (7th Cir. 2004) ("Where ... the plaintiff's own testimony is his only evidence of emotional damages, he must explain the circumstances of his injury in reasonable detail and not rely on conclusory statements, unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.") (internal quotation marks omitted); *Sloane v. Equifax Info. Servs., LLC,* 510 F.3d 495, 503 (4th Cir. 2007) (holding, in a FCRA case, that plaintiffs may not rely on mere "'conclusory statements'"; rather, they must "'sufficiently articulate [ ]' true 'demonstrable emotional distress,'" including "the factual context in which the emotional distress arose; evidence corroborating the testimony of the plaintiff; the nexus between the conduct of the defendant and the emotional distress; the degree of such mental distress; mitigating circumstances, if any; physical injuries suffered due to the emotional distress; medical attention resulting from the emotional duress; psychiatric or psychological treatment; and the loss of income, if any.").

*Id.* at 1268.  *Cf. Nelson v. Equifax Info. Servs., LLC,* 522 F. Supp. 2d 1222, 1235 (C.D. Cal. 2007) (finding that plaintiff's testimony can establish emotional distress damages).

In her interrogatory responses, Plaintiff only claims lost wages "in the form of lost opportunity to obtain and/or maintain employment . . ." and that out-of-pocket losses are "unascertained at present."  (SUF ¶ 84).  Because Plaintiff cannot recover economic damages from the denials of credit, as discussed above, and there

are no other non-speculative claims to support recovery of economic damages, Plaintiff's claim for non-economic damages is rendered infirm.

Accordingly, Equifax is entitled to summary judgment on Plaintiff's claims for noneconomic damages. *See Rambarran*, 609 F. Supp. 2d at 1269-70; *see also Wagner*, 520 Fed. Appx. at 298 & n.5; *Thomas v. Gulf Coast Credit Servs., Inc.*, 214 F. Supp. 2d 1228, 1232 (M.D. Ala. 2002).

### b. Even if the Court considers Plaintiff's claims for Non-Economic Damages, Plaintiff Cannot Establish Equifax is Liable for Such Damages

Even if this Court were to consider Plaintiff's claims for non-economic damages, such damages cannot be attributable to Equifax. Plaintiff alleges that Equifax is responsible for causing her to suffer a miscarriage due to stress and anxiety in November 2012. (*See* SUF ¶ 85). That assertion is as implausible as it is speculative, for Plaintiff has produced no evidence that would tie Equifax's actions to the stress she alleges she suffered. These allegations fail for want of proximate case, because Plaintiff has no proof that Equifax violated the FCRA prior to November 2012, when she suffered the miscarriage. As explained above, prior to that time Plaintiff had filed three disputes—all of which were handled consistent with the FCRA. And, prior to that time, only two credit reports issued that could conceivably form the basis of a § 1681e(b) claim related to the procedures Equifax used to prepare her report. Neither of those reports were prepared with the

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

knowledge that Plaintiff believed she had been the victim of identity theft.   (SUF ¶¶ 37-39, 46-48).   Moreover, Plaintiff claims she is the victim of a crime and as such, may have suffered stress as a result.   Plaintiff cannot prove that the stress she claims to have suffered as a result of her disputes with Equifax caused her miscarriage as opposed to the stress of being the victim of a crime.   Given the foregoing, Equifax cannot be held responsible for these damages, and any purported FCRA violation occurring *after* her miscarriage could not possibly have been causally related to this unfortunate event.

### 3.   Plaintiff Cannot Prove that Equifax Willfully Violated the FCRA or the CCRAA

Even if Plaintiff could prove that Equifax negligently violated the FCRA or the CCRAA in some respect  –  which Equifax strenuously denies – the evidence in this case certainly is not capable of supporting Plaintiff's claim that Equifax willfully violated those laws.   Willful misconduct under the FCRA encompasses both intentional and reckless violations of the law.   *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).   Reckless misconduct is "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"   *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).   For a willful violation to have occurred, the defendant must have engaged in much more than unreasonable conduct; it must

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

have run a risk of violating the law "substantially greater" than the risk associated with mere carelessness.  *Id.* at 69 (holding, as a matter of law, that the FCRA defendant had not acted recklessly); *see also Birmingham v. Experian Info. Solutions Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011).  The absence of willfulness can be resolved as a matter of law, as *Safeco* demonstrates.  *See Safeco*, 551 U.S. at 71 (holding that defendant did not recklessly violate the FCRA).

For the reasons explained above, Equifax reasonably handled all of Plaintiff's disputes as a matter of law.  But, to the extent that there could be a fact question as to the reasonableness of Equifax's reinvestigation procedures, such question would necessarily relate to a claim of negligence.  There is absolutely no evidence that could support a finding of willfulness—let alone create an issue for the jury on this question.  To the extent that any errors occurred, those were mere mistakes that cannot, as a matter of law, be construed as resulting from risk-taking "substantially greater than the risk associated with . . . mere[] careless[ness]."  *Safeco*, 551 U.S. at 69.  Accordingly, summary judgment should be granted in favor of Equifax on Plaintiff's claims for willful FCRA and CCRAA violations.

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Equifax's motion for summary judgment should be granted in its entirety.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

DATED:  January 12, 2015.

KING & SPALDING LLP

*/s/  J. Anthony Love*

J. Anthony Love
GA Bar No. 459155
Admitted Pro Hac Vice
KING & SPALDING LLP
1180 PEACHTREE STREET NE
ATLANTA, GEORGIA  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
Email:  TLove@kslaw.com

NOKES & QUINN
Thomas P. Quinn, Jr.
State Bar No. 132268
410 BROADWAY, SUITE 210
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant
EQUIFAX INFORMATION SERVICES
LLC

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Fulton, State of Georgia, and not a party to the above-entitled cause.

On January 12, 2015, I served a true copy of DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

[  ]    By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B);

[  ]    By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to all counsel of record as shown on the attached Service List;

[X]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

1

2
/s/  *J. Anthony Love*
J. Anthony Love

3
Place of Mailing:  Atlanta, Georgia.

4
Executed on January 12, 2015, at Atlanta, Georgia.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500

1

## **<u>SERVICE LIST</u>**

2

Armen Kiramijyan
Vahag Matevosian
Kaass Law
313 East Broadway Suite 944
Glendale, CA 91209
310-943-1171
Fax: 310-943-1172
consumerlitigationteam@kaass.com

*Attorneys for Plaintiff*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
(949) 376-3500